UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Joshua William Waddell | ) CASE NO. 17-62776-PMB |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Adam M. Goodman, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

3. Paragraph 10 of the proposed Chapter 13 plan either (1) fails to provide an interest rate to be applied to any allowed secured claims not treated specifically under the plan, preventing the Trustee from properly administering the plan, or (2) improperly crams down the interest rate to less than the current national prime interest rate. 11 U.S.C. Section 1325(a)(5)(B). *See Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

4. The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

5. The Chapter 13 budget fails to provide for the monthly expenses of post-petition self-employment tax liability on Debtor's self-employment income of $800.00 per month, and tax escrow slips have not been submitted; thereby, indicating that the proposed budget and Plan are infeasible, 11 U.S.C. Section 1325(a)(6).

6. The Debtor should provide proof of the fair market value of real property commonly known as 12430 Whiteside Road so the Trustee may conduct a hypothetical liquidation analysis. 11 U.S.C. Sections 1325(a)(3) and 1325(a)(4).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7.  The Debtor should provide proof of the non-filing spouse's $500.00 per month and $375.00 per month automobile payment expenses reflected on Schedule J. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

8.  Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2016.

9.  In accordance with General Order No. 18-2015 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's non-filing spouse $4,000.00 per month employment income and $5,000.00 per month self-employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

10. The Chapter 13 petition fails to include debt, in violation of Bankruptcy Rule 1007(a)(1) and 11 U.S.C. Section 1325(a)(3) and 1325(a)(7). The Trustee questions whether the Debtor has disclosed all obligations as it may relate to his dissolved business.

11. The above-styled Debtor received a Chapter 7 discharge on December 22, 2011, case number 11-76159-CRM filed September 6, 2011; thereby, indicating a lack of good faith in proposing a zero percent (0%) composition Plan or pro rata share of $32,000.00, 11 U.S.C. Section 1325(a)(3).

12. Pursuant to information received from the Internal Revenue Service, 2015 and 2016 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

13. The Plan should be amended to include a provision that, "Any federal tax refunds the Debtor is entitled to receive during the applicable commitment period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee. Upon written request to the Chapter 13 Trustee, the Debtor may retain up to $1,500.00 of a tax refund without a motion being filed." 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

14. The Debtor's testimony was inconsistent regarding whether he still owns his real property or transferred the property to his spouse. Debtor should provide evidence of same. 11 U.S.C. Sections 1325(a)(1), 547 and/or 548.

15. Debtor has failed to respond to Questions 19 through 25 of the Statement of Financial Affairs in regards to Atlanta Highline Consulting, responses which are required for any self-employed person(s), partner (other than limited partner) or sole proprietor, thereby preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income, in violation of 11 U.S.C. Sections 1325(a)(3), 1325 (a)(6), 1325(a)(7), and 1325(b).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

16. The Trustee questions whether the Debtor is eligible for Chapter 13 based upon the scheduled claims, filed claims and information obtained at the Meeting of Creditors. 11 U.S.C. Sections 109(e), 1325(a)(3).

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Adam M. Goodman
Adam M. Goodman
Chapter 13 Trustee
GA Bar No. 300887

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Joshua William Waddell | ) | |
| | ) | CASE NO.: 17-62776-PMB |
| | ) | |
| | ) | |
| DEBTOR. | ) | |

17-62776-PMB                **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

    DEBTOR(S):
    Joshua William Waddell
    12430 Whiteside Rd.
    Palmetto, GA  30268

    DEBTOR(S) ATTORNEY:
    Matthew Thomas Berry
    Matthew T. Berry & Associates
    Suite 600
    2751 Buford Highway
    Atlanta, GA  30324

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, September 13, 2017

/s/ *William Boyd*            940530
for Adam M. Goodman
GA Bar No. 300887
Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:     678-510-1450